A PLAN FOR THE DISTRIBUTION OF THE ASSETS OF THE

ALEXANDER VALLEY RANCHERIA, ACCORDING TO THE PROVISIONS OF

PUBLIC LAW 85-671, ENACTED BY THE 85TH CONGRESS,

APPROVED AUGUST 18, 1958

The Alexander Valley Rancheria consists of fifty-four acres located in Sonoma County, California. It was purchased for landless California Indians. (A legal description of the rancheria is attached.) The land is used principally as homesites.

Domestic water is obtained from a well equipped with a pressure pump and a storage tank. This system is adequate and no addition to the system is needed. The Russian River flows adjacent to portion of the east side of this rancheria from which certain irrigation rights are afforded. The cost of the development of the present water system has been placed as a lien against the rancheria.

There is a paved highway that passes near-by from which a gravel road leads to the rancheria. No further road development is necessary. An easement for road right-of-way is needed for ingress and egress for each of these distributees.

The exterior boundaries have been surveyed and corners established. Interior surveys will be required.

There are some funds on deposit to the credit of the rancheria in the United States Treasury. There are no funds in an Individual Indian Money Account for this rancheria.

They do not have a constitution or charter and no Government buildings are involved.

The Indians listed herein are recognized as the people of the rancheria who hold formal assignments and are entitled to share in the distribution of the property.

No minors will receive deeds in the distribution of the real estate and all adults participating are capable of handling their own affairs.

All distributees are fully advised of the opportunity to participate in the vocational training afforded by the Bureau of Indian Affairs and none has indicated an interest.

The Indians of the Alexander Valley Rancheria desire termination and request that the Bureau of Indian Affairs undertake the following actions.

1. Provide assistance for the establishment of such legal entity as may be necessary to accept the conveyance of property to be retained in group ownership.

2. Convey ownership of the water system to the distributees as owners-in-common or to a legal entity organized to accept it.

3. Provide each distributee with an easement for road right-of-way which will provide each distributee with ingress and egress over the other distributee's property. Provide an easement for a right-of-way over Lots 1 and 2 for water pipeline purposes.

4. Make such surveys as are necessary to convey a merchantable and recordable title to each lot.

5. Furnish each distributee the approximate value of his property at the time of conveyance.

6. Divide equally among the distributees the funds that are on deposit in the United States Treasury to the credit of the Alexander Valley Rancheria.

7. Convey to individual Indians, according to this plan and to the map attached hereto and made a part of this plan, unrestricted title to the lands constituting the Alexander Valley Rancheria. Title will be subject to existing rights-of-way, easements or leases, and will also include such mineral and water rights as are now vested in the United States.

The distributees and the dependent members of their immediate families, who will receive title to individual lots, to an equal share of the funds involved and who will receive group title to the water system are:

| NAME | LOT NO. | RELATIONSHIP | BIRTHDATE | ADDRESS |
|---|---|---|---|---|
| James R. Adams | 1 & 3 | Distributee | 1888 | 5975 Soda Rock Lane Healdsburg, California |
| Fred Adams | | Son | 1939 | Same |
| Janette S. Adams | | Daughter | 1940 | Same |
| James Adams, Jr. | | Son | 1941 | Same |
| Louie D. Adams | | Son | 1943 | Same |
| Lillian L. Adams | | Daughter | 1944 | Same |
| Elaine P. Adams | | Daughter | 1945 | Same |
| Donald L. Adams | | Son | 1949 | Same |
| Rickey L. Adams | | Son | 1954 | Same |

| Name | LOT NO | RELATIONSHIP | BIRTHDATE | ADDRESS |
|---|---|---|---|---|
| William McCloud | 2 | Distributee | 1926 | 2567 Mark West Station R<br>Windsor, California |
| Helen McCloud | | Wife | 1937 | Same |

Upon approval of this plan, or a revision thereof, by the Secretary of the Interior, and acceptance thereof by a majority of the adult Indian distributees as provided in Section 2(b) of Public Law 85-671, the distributees and the dependent members of their families listed in the plan shall be the final list of Indians entitled to the assets of the Alexander Valley Rancheria and the rights or beneficial interests in the property of each person whose name appears in this list shall constitute vested property which may be inherited or bequeathed but shall not otherwise be subject to alienation or encumbrance before the transfer of title to such property.

After the assets of the Alexander Valley Rancheria have been distributed pursuant to this plan and Public Law 85-671, the Indians who receive any part of such assets and the dependent members of their immediate families shall not be entitled to any of the services performed by the United States for Indians because of their status as Indians. All statutes of the United States which affect Indians because of their status as Indians shall not apply to them in the same manner as they apply to other citizens of persons within their jurisdiction. Nothing in this plan, however, shall affect the status of such persons as citizens of the United States.

All provisions of Public Law 85-671 shall be applicable in the execution of this plan and general notice of the contents

shall be given by posting a copy of the plan in the Post Office at Healdsburg, California, by posting a copy in a prominent place on the Alexander Valley Rancheria, by mailing a copy to each individual family head participating in the plan and by mailing a copy to any person who advises the Sacramento Area Office that he feels that he may have a material interest in the plan.

This plan was prepared by the Area Director, Bureau of Indian Affairs, Sacramento Area Office, pursuant to the authority delegated on February 26, 1959, and after consultation with the Indians of the Alexander Valley Rancheria.

Approved, with authority retained
to revise or change if appeals are
received within 30 days after general
notice to this plan is given.

(Sgd.) L. REX LEE

_____ACTING_____
            Commissioner

Date _____

5



LEGAL DESCRIPTION

<u>This Indenture</u>, made the March 31, 1913, between Cornelia Matthew and W. S. Matthew, Jr., her husband, of Santa Rosa, California, the party of the first part and the United States of America, the party of the second part;

WITNESSETH:- That the said parties of the first part for and in consideration of the sum of Two Thousand Five Hundred and no/100 ($2000.00) gold coin of the United States of America, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell, convey and confirm unto the party of the second part, and to its heirs and assigns forever, all that certain lot, piece or parcel of land, situate, lying and being in the County of Sonoma, State of California, and bounded and particularly described as follows: to wit:-

Beginning at the Southwest corner of lands conveyed by Carrie Matthews and C. R. Matthews, her husband, to Cornelia Matthews by deed dated November 9, 1911, and recorded November 16, 1911, in the Office of the County Recorder of Sonoma County, California, in Book 285 of Deeds, Page 272, which point is 30.7 chains East of the Southwest corner of Section 18, T. 9 N. R. 8 W., M.D.M., within the Sotoyome Rancho, 21 chains West of the center of the Russian River on the South line of said Section 18, thence along the Westerly line of said property N. 12° W., 2000 feet; thence at right angles thereto

up the center of Russian River to the common corner between the lands of James Bidwell, the lands formerly owned by Mrs. Trimble, now owned by Matthews and the lands herein sought to be described; thence west along the line between said lands formerly owned by Trimble, now owned by Matthews, and the lands herein sought to be described, 16 chains to the point of beginning, containing twenty-four (24) acres, more or less; together with a right-of-way over and across the lands of James Bidwell and Lucy Bidwell for general road purposes where the road now runs, from the lands herein sought to be described to the public road: Together with the tenements, hereditments and appurtenances thereto belonging, or in any wise appertaining and also all their estate, right, title, and interest, at law and equity, therein or thereto, including the rents, issues and profits.

TO HAVE AND TO HOLD the same to the said United States of America and to its heirs and assigns forever, and we do covenant with the said United States of America and its legal representatives forever that the said real estate is free from all incumbrances and that we will and our heirs, executors and administrators shall warrant and defend the same unto the said United States of America, its heirs and assigns forever against the lawful claims and demands of all persons whomsoever..

IN WITNESS WHEREOF the parties of the first part have hereunto set their hand and seal the day and year first above written:

AR 27

N. 78° E., 310 feet; thence S. 67° E., 198 feet; thence S. 12° E., 1616.67 feet; thence N. 78° E., 910.24 feet to the Easterly line of said property in Russian River; thence along said Easterly line S. 11° 30' E., 331.45 feet to the Southeast corner of said property; thence West along the south line of said property 1386 feet to the place of beginning, and containing 30 acres of land, reserving however, to the parties of the first part the privilege of pasturage until November 23-1915, the date of expiration of a certain lease granted by parties of the first part to Norton Laughlin, and recorded in Book ____ of Leases, Page ____; Together with the tenements, hereditaments and appurtenances thereto belonging, or in anywise appertaining; and also all their estate, right, title and interest, at law and equity therein or thereto, including the rents, issues and profits thereof, except as herein specifically reserved:- - - - -

and to its heirs and assigns forever, and we do covenant with the said United States of America

TO HAVE AND TO HOLD the same to the said United States of America, and its legal representatives forever; that said real estate is free from all incumbrances; and that we will and our heirs, executors and administrators shall warrant and defend the same to the said United States of America, and to its heirs and assigns forever, against the lawful claims and demands of all persons whomsoever;

IN WITNESS WHEREOF, the said parties of the first part have hereunto set our hands and seals the day and year first above written:

(2)