United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE MISHEWAL WAPPO TRIBE OF ALEXANDER VALLEY,<br><br>            Plaintiff(s),<br>  v.<br>KEN SALAZAR, et. al.,<br><br>            Defendant(s). | CASE NO. 5:09-cv-02502 EJD<br><br>**ORDER DENYING INTERVENORS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**<br><br>[Docket Item No(s). 153] |

## I. INTRODUCTION

In <u>Wilton Miwok Rancheria v. Salazar</u>, Nos. C-07-02681-JF-PVT, C-07-05706-JF, 2010 U.S. Dist. LEXIS 23317 (N.D. Cal. Feb. 23, 2010), one of this court's contemporaries certified for interlocutory appeal the question of whether the Ninth Circuit Court of Appeals' holding in <u>Cedars-Sinai Medical Center v. Shalala</u>, 125 F.3d 765 (9th Cir. 1997), was effectively overruled by the United States Supreme Court in <u>John R. Sand & Gravel Co. v. United States</u>, 552 U.S. 130 (2008). The Ninth Circuit determined in <u>Cedars-Sinai</u> that the statute of limitations codified in 28 U.S.C. § 2401(a) is not jurisdictional but procedural and thereby subject to waiver. 125 F.3d at 770. Subsequently, in <u>John R. Sand</u>, the Supreme Court held that the limitations period in another statute - 28 U.S.C. § 2501 - is a jurisdictional requisite and not subject to principles of equitable tolling.

552 U.S. at 136. Notably, § 2401(a) and § 2501 contain nearly identical language.[1] On May 20, 2010, the Ninth Circuit declined to take up the Wilton Miwok appeal without comment.[2]

On October 24, 2011, this court rejected the argument of Intervenor's County of Sonoma and County of Napa (collectively, the "Counties") based on a jurisdictional interpretation of § 2401(a). Relying on John R. Sand and Hopland Band of Pomo Indians v. United States, 855 F.2d 1573 (Fed. Cir. 1988), the Counties moved to dismiss the First Amended Complaint ("FAC") filed by Plaintiff's Mishewal Wappo Tribe of Alexander Valley (the "Tribe") as barred by the 6-year limitations period, which the Counties contended expired decades before this action was filed and could not be waived by the Federal Defendants (the "Government"). This court observed that "the analyses of Hopland - and John R. Sand for that matter - do not neatly translate to § 2401(a) because § 2501 has been long interpreted as a jurisdictional statute" and that "Section 2401(a), in contrast, has no such comparable history." See Order Den. Intervenors' Mot. to Dismiss, Docket Item No. 150, at 8:13-18. Although the court commented that "the continued vitality of Cedars-Sinai has since been questioned in light of John R. Sands," the court nonetheless applied the holding in Cedars-Sinai because it "remains the law of this circuit and has recently been applied as such." See id., at 8:23-9:13 (citing Wilton Miwok, 2010 WL 693420, 2010 U.S. Dist. LEXIS, at *15 (N.D. Cal. Feb. 23, 2010); Sierra Club v. Johnson, 2009 WL 482248, 2009 U.S. Dist. LEXIS 14819, at *25 (N.D. Cal., Feb. 25, 2009); Crosby Lodge, Inc. v. Nat'l Indian Gaming Comm'n, 2008 WL 5111036, 2008 U.S. Dist. LEXIS 98001, at *14 (D. Nev. Dec. 3, 2008); Public Citizen, Inc. v. Mukasey, 2008 WL 4532540, 2008 U.S. Dist. LEXIS 81246, at *24 (N.D. Cal., Oct. 9, 2008)). For this reason among others, the Counties' motion to dismiss was denied.

The Counties now move under 28 U.S.C. § 1292(b) to certify for interlocutory appeal essentially the same question previously certified in Wilton Miwok. See Docket Item No. 153. For

---

[1] 28 U.S.C. § 2401(a) states, in pertinent part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

[2] The court takes judicial notice of the Ninth Circuit's Order filed May 20, 2010, in appellate case number 10-80062. Fed. R. Evid. 201(b), (c).

their part, the Tribe opposes the request and the Government takes no position. See Docket Item Nos. 156, 157. The court has carefully examined the written materials filed by all parties, and finds this matter suitable for decision without oral argument pursuant to Local Civil Rule 7-1(b). The hearing scheduled for February 3, 2012, will therefore be vacated and the motion to certify denied for the reasons stated below.

## II. DISCUSSION

The district court may certify for interlocutory appeal an order involving (1) "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The purpose of § 1292(b) is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

Interlocutory certification is the exception, not the rule. "The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737 (1976)). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The rule should only "be used in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

Here, the court examines only the final factor under § 1292(b) because a determination on the issue of "material advancement" is dispositive of the entire request. As the Tribe points out in its opposition brief and as this court's predecessor previously recognized, this case will be resolved in its entirety through cross-motions for summary judgment under the Administrative Procedure Act. See Order Vacating Case Management Conference; Docket Item No. 57. The Counties do not appear to believe otherwise. See J. Case Management Conference Statement, Docket Item No. 158. Considering the Government and the Counties have each filed Answers to the FAC, this case is now

1 prepared to proceed to discovery and disposition by motion (see Docket Item Nos. 22, 151, 152), and the court is prepared to provide a schedule to aid in the efficient development of that process. Thus, this case does not present the type of "protracted and expensive litigation" that could be avoided by allowing for an interlocutory appeal, even if the Counties were successful at the appellate level. Indeed, it is more likely an appeal prior to the ultimate judgment in this case will actually *create* the type of litigation § 1292(b) seeks to avoid.

Narrowly construing the statute as this court must do, the court finds that all parties are better served by allowing this case to proceed to final resolution with a complete record, which the Court of Appeals can then review in one instance rather than possibly two.[3] Certifying the issue proposed by the Counties does not "materially advance the ultimate termination of the litigation" in this court since such a termination can be achieved much sooner than an appeal can be processed. Accordingly, the Counties have not sufficiently demonstrated that all of the elements of § 1292(b) exist in their favor.

### III. ORDER

Based on the foregoing, the Counties' motion for certification of an interlocutory appeal is DENIED. The hearing scheduled for February 3, 2012, as well as the Case Management Conference are VACATED. A separate order addressing scheduling will issue imminently.

**IT IS SO ORDERED.**

Dated: February 1, 2012

EDWARD J. DAVILA
United States District Judge

---

[3] Although the Ninth Circuit's exact reasons for declining the interlocutory appeal in Wilton Miwok cannot be known, one possibility is the appellate court's perception that Cedars-Sinai should not be overruled in light of John R. Sand. If an interlocutory appeal in this case is met with a similar outcome, the parties will have expended time and resources that could have been better and more efficiently directed to achieving a final decision in the trial court.