1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10   THE MISHEWAL WAPPO TRIBE OF            CASE NO. 5:09-cv-02502 EJD
     ALEXANDER VALLEY,
11                                          **ORDER DENYING INTERVENORS'**
                                            **MOTION FOR CERTIFICATION OF AN**
12              Plaintiff(s),               **INTERLOCUTORY APPEAL**
          v.
13
     KEN SALAZAR, et. al.,
14                                          [Docket Item No(s). 153]

15              Defendant(s).
16   _____/

17                          **I.    INTRODUCTION**

18         In Wilton Miwok Rancheria v. Salazar, Nos. C-07-02681-JF-PVT, C-07-05706-JF, 2010

19   U.S. Dist. LEXIS 23317 (N.D. Cal. Feb. 23, 2010), one of this court's contemporaries certified for

20   interlocutory appeal the question of whether the Ninth Circuit Court of Appeals' holding in Cedars-

21   Sinai Medical Center v. Shalala, 125 F.3d 765 (9th Cir. 1997), was effectively overruled by the

22   United States Supreme Court in John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008).

23   The Ninth Circuit determined in Cedars-Sinai that the statute of limitations codified in 28 U.S.C. §

24   2401(a) is not jurisdictional but procedural and thereby subject to waiver.  125 F.3d at 770.

25   Subsequently, in John R. Sand, the Supreme Court held that the limitations period in another statute

26   - 28 U.S.C. § 2501 - is a jurisdictional requisite and not subject to principles of equitable tolling.

27
28

                                            1

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

552 U.S. at 136.  Notably, § 2401(a) and § 2501 contain nearly identical language.[1]  On May 20,

2010, the Ninth Circuit declined to take up the <u>Wilton Miwok</u> appeal without comment.[2]

On October 24, 2011, this court rejected the argument of Intervenor's County of Sonoma and

County of Napa (collectively, the "Counties") based on a jurisdictional interpretation of § 2401(a).

Relying on <u>John R. Sand</u> and <u>Hopland Band of Pomo Indians v. United States</u>, 855 F.2d 1573 (Fed.

Cir. 1988), the Counties moved to dismiss the First Amended Complaint ("FAC") filed by Plaintiff's

Mishewal Wappo Tribe of Alexander Valley (the "Tribe") as barred by the 6-year limitations period,

which the Counties contended expired decades before this action was filed and could not be waived

by the Federal Defendants (the "Government").  This court observed that "the analyses of <u>Hopland</u> -

and <u>John R. Sand</u> for that matter - do not neatly translate to § 2401(a) because § 2501 has been long

interpreted as a jurisdictional statute" and that "Section 2401(a), in contrast, has no such comparable

history."  <u>See</u> Order Den. Intervenors' Mot. to Dismiss, Docket Item No. 150, at 8:13-18.  Although

the court commented that "the continued vitality of <u>Cedars-Sinai</u> has since been questioned in light

of <u>John R. Sands</u>," the court nonetheless applied the holding in <u>Cedars-Sinai</u> because it "remains the

law of this circuit and has recently been applied as such."  <u>See id.</u>, at 8:23-9:13 (citing <u>Wilton</u>

<u>Miwok</u>, 2010 WL 693420, 2010 U.S. Dist. LEXIS, at *15 (N.D. Cal. Feb. 23, 2010); <u>Sierra Club v.</u>

<u>Johnson</u>, 2009 WL 482248, 2009 U.S. Dist. LEXIS 14819, at *25 (N.D. Cal., Feb. 25, 2009);

<u>Crosby Lodge, Inc. v. Nat'l Indian Gaming Comm'n</u>, 2008 WL 5111036, 2008 U.S. Dist. LEXIS

98001, at *14 (D. Nev. Dec. 3, 2008); <u>Public Citizen, Inc. v. Mukasey</u>, 2008 WL 4532540, 2008

U.S. Dist. LEXIS 81246, at *24 (N.D. Cal., Oct. 9, 2008)).  For this reason among others, the

Counties' motion to dismiss was denied.

The Counties now move under 28 U.S.C. § 1292(b) to certify for interlocutory appeal

essentially the same question previously certified in <u>Wilton Miwok</u>.  <u>See</u> Docket Item No. 153.  For

---

[1] 28 U.S.C. § 2401(a) states, in pertinent part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

[2] The court takes judicial notice of the Ninth Circuit's Order filed May 20, 2010, in appellate case number 10-80062.  Fed. R. Evid. 201(b), (c).

Case No. 5:09-cv-02502 EJD
ORDER DENYING INTERVENORS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

1   their part, the Tribe opposes the request and the Government takes no position.  See Docket Item

2   Nos. 156, 157.  The court has carefully examined the written materials filed by all parties, and finds

3   this matter suitable for decision without oral argument pursuant to Local Civil Rule 7-1(b).  The

4   hearing scheduled for February 3, 2012, will therefore be vacated and the motion to certify denied

5   for the reasons stated below.

## II.   DISCUSSION

7          The district court may certify for interlocutory appeal an order involving (1) "a controlling

8   question of law," (2) "as to which there is substantial ground for difference of opinion," and (3)

9   "immediate appeal from the order may materially advance the ultimate termination of the litigation."

10  28 U.S.C. § 1292(b).  The purpose of § 1292(b) is to "facilitate disposition of the action by getting a

11  final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and

12  the litigants unnecessary trouble and expense."  United States v. Adam Bros. Farming, Inc., 369 F.

13  Supp. 2d 1180, 1182 (C.D. Cal. 2004).

14         Interlocutory certification is the exception, not the rule.  "The policy against piecemeal

15  interlocutory review other than as provided for by statutorily authorized appeals is a strong one."

16  Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) (citing

17  Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737 (1976)).  "Section 1292(b) is a departure from the

18  normal rule that only final judgments are appealable, and therefore must be construed narrowly."

19  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The rule should only "be

20  used in exceptional situations in which allowing an interlocutory appeal would avoid protracted and

21  expensive litigation."  In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

22         Here, the court examines only the final factor under § 1292(b) because a determination on

23  the issue of "material advancement" is dispositive of the entire request.  As the Tribe points out in its

24  opposition brief and as this court's predecessor previously recognized, this case will be resolved in

25  its entirety through cross-motions for summary judgment under the Administrative Procedure Act.

26  See Order Vacating Case Management Conference; Docket Item No. 57.  The Counties do not

27  appear to believe otherwise.  See J. Case Management Conference Statement, Docket Item No. 158.

28  Considering the Government and the Counties have each filed Answers to the FAC, this case is now

*United States District Court*
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  prepared to proceed to discovery and disposition by motion (see Docket Item Nos. 22, 151, 152),

2  and the court is prepared to provide a schedule to aid in the efficient development of that process.

3  Thus, this case does not present the type of "protracted and expensive litigation" that could be

4  avoided by allowing for an interlocutory appeal, even if the Counties were successful at the

5  appellate level.  Indeed, it is more likely an appeal prior to the ultimate judgment in this case will

6  actually *create* the type of litigation § 1292(b) seeks to avoid.

7        Narrowly construing the statute as this court must do, the court finds that all parties are better

8  served by allowing this case to proceed to final resolution with a complete record, which the Court

9  of Appeals can then review in one instance rather than possibly two.[3]  Certifying the issue proposed

10  by the Counties does not "materially advance the ultimate termination of the litigation" in this court

11  since such a termination can be achieved much sooner than an appeal can be processed.

12  Accordingly, the Counties have not sufficiently demonstrated that all of the elements of § 1292(b)

13  exist in their favor.

14  **III.   ORDER**

15        Based on the foregoing, the Counties' motion for certification of an interlocutory appeal is

16  DENIED.  The hearing scheduled for February 3, 2012, as well as the Case Management Conference

17  are VACATED.  A separate order addressing scheduling will issue imminently.

18  **IT IS SO ORDERED.**

19

20  Dated:  February 1, 2012

21                                            EDWARD J. DAVILA
                                          United States District Judge

22

23

24

25

26  ___

27     [3] Although the Ninth Circuit's exact reasons for declining the interlocutory appeal in <u>Wilton Miwok</u> cannot be known, one possibility is the appellate court's perception that <u>Cedars-Sinai</u> should not be overruled in light of <u>John R. Sand</u>.  If an interlocutory appeal in this case is met with a similar

28  outcome, the parties will have expended time and resources that could have been better and more efficiently directed to achieving a final decision in the trial court.

4